988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dariusz KAMINSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70198.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 23, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals; No. Aym-umx-xuy.
 B.I.A.
 PETITION DENIED.
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dariusz Kaminski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision finding Kaminski deportable and denying Kaminski's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 * Administrative Notice
 
 
 4
 Kaminski contends the BIA erred by deciding his case based on political considerations rather than on an individual basis.[1] He refers to the BIA's taking of administrative notice of political changes that have occurred in Poland since 1989. The BIA noted in particular the change in Poland's government and the new government's open emigration policy.
 
 
 5
 The BIA is entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz v. INS, No. 91-70257, slip op. 969, 977 (9th Cir. Feb. 4, 1993). Nevertheless, due process may require the BIA to provide the petitioner an opportunity to rebut the noticed facts. Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Due process does not, however, require the BIA to provide an opportunity to rebut facts that are "legislative, indisputable, and general." Id.
 
 
 6
 Here, Kaminski had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government.[2] See id. Thus, he was not denied due process. See Acewicz, No. 91-70257, slip op. at 978. Accordingly, the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Kaminski's fear of persecution. See id.
 
 II
 Asylum/Withholding of Deportation
 
 7
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 8
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 9
 Kaminski's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Kaminski has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See Acewicz, No. 91-70257, slip op. at 974-78. We therefore agree with the BIA that Kaminski has failed to establish statutory eligibility for asylum on that basis.
 
 
 10
 Kaminski also contends that BIA erred by finding that he failed to establish his eligibility for asylum when he was denied employment opportunities because of his political beliefs. This contention lacks merit.
 
 
 11
 In Kovac v. INS, 407 F.2d 102 (9th Cir.1969), this court held that "a probability of deliberate imposition of substantial economic disadvantage upon an alien for reasons of race, religion, or political opinion is sufficient to confer upon the Attorney General the discretion to withhold deportation." Id. at 107. This standard also applies to determine whether an alien is eligible for asylum. See, e.g., Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988). A claim for asylum based on economic hardship "depends on something more than generalized economic disadvantage at the destination." Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982).
 
 
 12
 Here, Kaminski testified that he was denied a promotion because of his involvement with Solidarity. We agree with the BIA's finding that Kaminski's employment difficulties did not amount to persecution. The evidence does not establish the sort of deliberate imposition of substantial economic harm required to support a claim for asylum. Compare Desir, 840 F.2d at 727 (petitioner's ability to earn livelihood severely impaired by threats of violence, eventually resulting in petitioner moving to different county); with Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of discounts on food and special work permit not sufficient to establish persecution). Accordingly, the BIA did not err by finding that Kaminski failed to establish a well-founded fear of persecution based on economic hardship.
 
 
 13
 Because Kaminski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).[3]
 
 III
 Due Process Claims
 A. Evidence in the Record
 
 14
 Kaminski contends that he was denied due process because the IJ mischaracterized evidence presented at the hearing.
 
 
 15
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986); Garcia-Jaramillo v. INS, 604 F.2d 1236, 1239 (9th Cir.1979). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 16
 Here, petitioner has failed to show how the IJ's alleged error affected the outcome of the hearing. Thus, because petitioner has failed to show prejudice, the BIA correctly found that petitioner was not denied due process. See Diaz-Escobar, 782 F.2d at 1494; Garcia-Jaramillo, 604 F.2d at 1239.
 
 B. Right to Counsel
 
 17
 Kaminski contends that he was improperly denied his constitutional right to counsel. This contention lacks merit.
 
 
 18
 The right to due process in an immigration hearing entitles aliens "to obtain counsel of their choice at their own expense." United States v. Villa-Fabela, 882 F.2d 434, 438 (9th Cir.1989), overruled on other grounds by United States v. Proa-Tovar, 975 F.2d 592, 595 (9th Cir.1992) (en banc); Acewicz v. INS, No. 91-70257, slip op. at 980.
 
 
 19
 In order to insure that an alien understands his right to counsel, an immigration judge must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. § 242.16(a). An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS., 550 F.2d 560, 565 (9th Cir.1977). Denial of right to counsel, if sufficiently prejudicial, may amount to a denial of due process. Castro-O'Ryan v. INS, 847 F.2d 1307, 1313 (9th Cir.1988).
 
 
 20
 Here, the IJ advised Kaminski of his right to have counsel present at the hearing, but Kaminski explicitly stated that he would rather represent himself. Given these circumstances, and that Kaminski has failed to demonstrate prejudice resulting from any alleged errors, Kaminski's contention of a due process violation fails. See id.[4]
 
 
 21
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief, Kaminski consistently refers to alleged errors committed by the IJ. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70257, slip op. 969, 974 (9th Cir. Feb. 1993). Nevertheless, to the extent the BIA addressed the arguments raised by Kaminski we will treat them as though they were directed at the BIA's decision
 
 
 [2]
 In response to the IJ's question regarding the change in Poland's government, Kaminski testified that he would be persecuted if he returned to Poland because the changes in Poland were not yet well-established. He also stated that he believed he would be persecuted upon his return because of his defection off the government fishing vessel. He further testified that letters from his mother warned him that he would probably be imprisoned upon his return to Poland
 
 
 [3]
 Kaminski also contends that the BIA improperly considered the fact that the government issued him a passport when ruling on his asylum claim. This contention lacks merit
 The BIA found that Kaminski's passport, issued by the Communist government, undermined his persecution claim. We find no impropriety in the BIA's analysis. Accordingly, we will not overturn the BIA's decision on this basis.
 
 
 [4]
 We also reject Kaminski's claim that the BIA violated his due process rights by conducting a de novo review of the IJ's findings. See Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991)