**Alaa Abdulkarim MOHSSENI BEHBAHANI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 84–7011.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 1985.

Decided Aug. 5. 1986.

Zada Edgar-Soto, Tucson, Ariz., for petitioner.

Mark C. Walters, Dept. of Justice, Washington, D.C., for respondent.

Before BROWNING, MERRILL and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Alaa Abdulkarim Mohsseni Behbahani (Mohsseni) petitions for review of the Board of Immigration Appeals' (BIA) decision affirming an immigration judge's (IJ) decision finding Mohsseni deportable as a nonimmigrant student who overstayed his visa period. *See* 8 U.S.C. § 1251(a)(2). Mohsseni contends that he was denied effective assistance of counsel at his deportation hearing because his non-attorney representative: (1) failed to refute the INS's evidence of deportability; and (2) failed to raise an estoppel defense based on the affirmative misconduct of INS officials. We affirm.

## I.  FACTS AND PROCEEDINGS

Mohsseni, a native of Iraq and a citizen of Iran, entered the United States in 1978 on a nonimmigrant student visa. In 1980, an IJ found Mohsseni deportable for overstaying his visa and granted him voluntary departure. At his deportation hearing, Mohsseni was represented by Margo Cowan, an accredited representative. Cowan attempted unsuccessfully to persuade the IJ to subpoena individuals from the INS and certain schools. Mohsseni refused to answer most questions and remained silent when asked to plead to the charges. The IJ concluded that, in the absence of evidence to the contrary, Mohsseni's deportability was established by a Form I-94 that documented his birth abroad.

Cowan appealed to the BIA, contending that the INS had selectively prosecuted Mohsseni based on his Iranian nationality. After considering the issues raised, the BIA affirmed the IJ's finding of deportability. Mohsseni, now represented by an attorney, timely filed a petition for review.

## II.  DISCUSSION

Claims of ineffective assistance of counsel present mixed questions of law and fact. *Doyle v. United States*, 721 F.2d 1195, 1198–99 (9th Cir.1983). This court uses its own judgment as to whether counsel was effective. *Id.* at 1199. *See United States v. McConney*, 728 F.2d 1195, 1202–03 (9th Cir.) (en banc) (mixed questions of law and fact generally reviewed de novo), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

Mohsseni contends that the ineffectiveness of his representative deprived him of a "full and fair deportation hearing" as required by the due process clause of the

fifth amendment.[1] Specifically, Mohsseni charges that his representative: (1) failed to introduce evidence refuting the charge of deportability; and (2) failed to develop an estoppel defense based on the INS's affirmative misconduct of selective prosecution.

■ In order to prevail on an ineffectiveness of counsel claim, one must show that he was prejudiced by his representative's performance. *Garcia-Jaramillo v. INS,* 604 F.2d 1236, 1239 (9th Cir.1979), *cert. denied,* 449 U.S. 828, 101 S.Ct. 94, 66 L.Ed.2d 32 (1980); *Nicholas v. INS,* 590 F.2d 802, 809 (9th Cir.1979). Mohsseni has failed to demonstrate prejudice.

## A. *Failure to Introduce Evidence*

■ Mohsseni contends that, as his representative, Cowan incompetently advised him to remain silent,[2] thereby failing to introduce evidence to refute the INS's evidence establishing deportability. In his brief to this court, however, Mohsseni does not describe the evidence that Cowan incompetently failed to introduce. Without such documentation, we can find no prejudice. Rather, we must presume that Cowan simply did not possess any evidence refuting deportability. *See Paul v. INS,* 521 F.2d 194, 199 (5th Cir.1975) (claim of ineffective assistance of counsel must allege facts to allow court "to infer that competent counsel would have acted otherwise"; failure to demonstrate possession of "material information not previously disclosed because of counsel's incompetence" supports inference that no such information exists).

## B. *Estoppel Defense*

Mohsseni also contends that Cowan incompetently failed to develop or "preserve for the record" the defense that the INS should be estopped by its affirmative misconduct from deporting him. Although Mohsseni describes only vaguely the alleged INS affirmative misconduct,[3] it appears to consist of the Service's selective enforcement of the immigration laws against Iranians.

■ Mohsseni has not been prejudiced by Cowan's failure to raise adequately the selective enforcement defense at the deportation hearing because the BIA considered and decided the issue on appeal. In her notice of appeal to the BIA, Cowan explained that she had attempted to subpoena individuals at the deportation hearing in support of her selective enforcement defense. The BIA considered and rejected this defense, and cited *Yassini v. Crosland,* 618 F.2d 1356 (9th Cir.1980) and *Narenji v. Civiletti,* 617 F.2d 745 (D.C.Cir. 1979), *cert. denied,* 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980), two cases discussing the legality of the discriminatory treatment of Iranian nationals in light of the hostage crisis. By considering her contentions on appeal, the BIA cured any prejudice caused by Cowan's shortcomings at trial.

AFFIRMED.

**1.** The sixth amendment right to counsel does not apply in civil deportation proceedings. *Ramirez v. INS,* 550 F.2d 560, 563 (9th Cir.1977). The right to effective assistance of counsel derives from the fifth amendment due process guarantee of a full and fair hearing. *Id. See also Thorsteinsson v. INS,* 724 F.2d 1365, 1367 (9th Cir.), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2386, 81 L.Ed.2d 345 (1984).

This court has observed that "there is generally no right to counsel in a civil case." *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).

**2.** Neither the Transcript of Hearing nor any other evidence in the record indicates that such advice was given.

**3.** Mohsseni's brief states: "It is Mr. Mohsseni's contention that he would have been able to maintain his status as a student nonimmigrant had the INS acted in good faith towards him."