892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eliapo Tifitifi TAEFU, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 88-7328.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, POOLE and BRUNETTI, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 Eliapo Tifitifi Taefu, a native and citizen of Western Samoa, petitions for review of the Board of Immigration Appeals' (BIA) denial of his request for a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 Waiver of Deportation
 
 2
 This court reviews the BIA's decision denying discretionary relief from deportation for abuse of discretion. Vargas v. U.S. Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987). This court will reverse the BIA's decision denying such relief "only if the board fails to support its conclusions with a reasoned explanation based upon legitimate concerns." Id.
 
 
 3
 Taefu has conceded deportability pursuant to section 241(a)(4) of the Act, 8 U.S.C. § 1251(a)(4), based upon his 1981 conviction of first-degree robbery. The BIA found that Taefu failed to demonstrate outstanding countervailing equities in the face of his robbery conviction to meet the threshold test for consideration of a favorable exercise of discretion on his request for a section 212(c) waiver of deportation. See Matter of Marin, 16 I. & N. Dec. 581, 586 (1978).
 
 
 4
 Nevertheless, the BIA went on to address the merits of Taefu's request and concluded that his criminal record outweighed any countervailing factors in his favor. The BIA noted that in addition to his conviction of first-degree robbery in 1981, Taefu was convicted of drunkenness in 1978, third-degree theft in 1980, and disorderly conduct in 1981. Further, although his parents had health problems, they had been able to survive on their own with their other children's assistance during the six years that Taefu was imprisoned. The BIA asserted that Taefu's intentions related to obtaining a job, attending a community college, and performing community service did not constitute proof of genuine rehabilitation. After considering the entire record, the BIA upheld the deportation order and dismissed Taefu's appeal. The BIA's decision denying a waiver of deportation is a reasoned explanation based upon legitimate concerns. See Vargas, 831 F.2d at 908. Therefore, the BIA did not abuse its discretion in denying Taefu relief from deportation. See id.
 
 Ineffective Assistance of Counsel
 
 5
 Taefu contends that his attorney "may have" rendered ineffective assistance of counsel, thereby depriving him of a fair deportation hearing consistent with due process.[2] This contention lacks merit.
 
 
 6
 Ineffective assistance of counsel at a deportation proceeding constitutes a denial of due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Ramirez-Durazo v. I.N.S., 794 F.2d 491, 499-500 (9th Cir.1986) (quoting Lopez v. I.N.S., 775 F.2d 1015, 1017 (9th Cir.1985)). To prevail on a claim of ineffective assistance of counsel, the alien must demonstrate prejudice from his counsel's performance. Mohsseni Behbahani v. I.N.S., 796 F.2d 249, 251 (9th Cir.1986).
 
 
 7
 Here, Taefu has failed to show prejudice resulting from his immigration attorney's failure to seek post-conviction relief for Taefu from the criminal trial court, or legalization of Taefu's status under the Immigration Reform and Control Act of 1986. Taefu has not asserted any basis for seeking post-conviction relief or a pardon or expungement of his conviction for him to have been eligible for legalization under the 1986 act. In addition, Taefu has failed to show that he was prejudiced by his counsel's failure to seek a continuance of the deportation hearing to give Taefu an opportunity to show "genuine" rehabilitation, to have certain witnesses present testimony, or to submit a medical report on Taefu's parents' health.[3] Taefu has not proffered new material evidence which his attorney should have presented to support his application for a waiver of deportation. Taefu was not prevented from reasonably presenting his case and was not denied his due process right to a full and fair hearing. See Ramirez-Durazo, 794 F.2d at 499-500.[4]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 In a civil deportation proceeding, an alien's right to effective assistance of counsel stems from the fifth amendment right to a full and fair hearing which comports with due process. Mohsseni Behbahani v. I.N.S., 796 F.2d 249, 251 n. 1 (9th Cir.1986)
 
 
 [3]
 Taefu cannot properly attribute to his immigration attorney any allegedly defective performance based upon his criminal lawyer's failure to file a motion for a judicial recommendation against deportation in the sentencing court pursuant to 8 U.S.C. § 1251(b)(2)
 
 
 [4]
 Although Taefu requests, in the alternative, a remand for the taking of further evidence on his application for a waiver of deportation, his remedy was to file with the BIA a motion to reopen the deportation proceedings. See Ramirez-Durazo, 794 F.2d 491, 500 n. 7 (9th Cir.1986)