990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jan JAKUBIAK, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70373.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 22, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jan Jakubiak, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) decision, upon remand from this court, affirming the immigration judge's (IJ) decision finding Jakubiak deportable as charged and denying his applications for asylum and withholding of deportation. On remand the BIA found that the IJ properly apprised Jakubiak of his right to seek counsel and that Jakubiak received adequate notice of the deportation hearing. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's decision to grant or deny asylum under for abuse of discretion. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). Factual findings underlying this decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Abedini v. INS, 971 F.2d 188, 190 (9th Cir.1992). Under the substantial evidence standard, we must determine whether, based on the evidence presented, the BIA's conclusion was substantially reasonable. Berroteran-Melendez, 955 F.2d at 1255.
 
 II
 Denial of Asylum
 
 5
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) (Act), authorizes the Attorney General, in his or her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 A. Well-Founded Fear of Persecution
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (quotations omitted).
 
 
 7
 We agree with the BIA that Jakubiak has failed to establish statutory eligibility for asylum. Jakubiak's request for asylum is based on his fear that he will be harassed by Polish authorities due to his participation in the Solidarity organization. Although Jakubiak has demonstrated a subjective fear of persecution, there is substantial evidence in the record to support the BIA's conclusion that he failed to demonstrate that his fear is objectively reasonable. See Berroteran-Melendez, 955 F.2d at 1256. Thus, the BIA did not err by denying Jakubiak asylum due to lack of a well-founded fear of persecution.
 
 B. Past Persecution
 
 8
 Jakubiak contends that the BIA erred by denying him asylum because his past persecution by Polish authorities was severe enough to merit asylum. This contention lacks merit.
 
 
 9
 Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Desir, 840 F.2d 723 at 729. "The BIA may [exercise its discretion to] grant asylum for humanitarian reasons, where an applicant or his family has suffered under atrocious forms of persecution, even where there is little likelihood of future persecution." Acewicz v. INS, No. 91-70257, slip op. 969, 979 (9th Cir. Feb. 4, 1993) (quotations omitted).
 
 
 10
 Jakubiak claims he should be granted asylum because he was detained on one occasion, questioned on another occasion due to his political activities, beaten while detained, interrogated concerning Solidarity documents in his possession, and frequently sought by police. We reject Jakubiak's claim. Jakubiak has not suffered atrocities that would justify relief on humanitarian grounds. See id.; Matter of Chen, Int.Dec. 3104 at 4 (BIA 1989). Accordingly, the BIA did not abuse its discretion by denying Jakubiak asylum based on humanitarian grounds.
 
 III
 
 11
 Denial of Asylum Based on "Political Considerations"
 
 
 12
 Jakubiak contends that the IJ and the BIA denied him asylum based on improper "political considerations" rather than on the individual merits of his case. He argues that the alleged systematic denial of all requests for political asylum filed by Polish nationals in Anchorage, Alaska indicates that the asylum applications of Polish applicants are summarily denied based mainly on "background" conditions and "changed country" conditions rather than on evidence of individual circumstances presented at the deportation hearings. This contention lacks merit.
 
 
 13
 In a deportation proceeding, an alien is entitled to due process under the fifth amendment, which is satisfied only by a full and fair hearing. Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Mohsseni Behbahani v. INS, 796 F.2d 249, 250-51 (9th Cir.1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. See Sarvia-Quintilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 14
 Here, Jakubiak was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his application. See Cuadras, 910 F.2d at 573. Both the IJ's and the BIA's decisions reflect that the denial of asylum was based on the individual merits of Jakubiak's claim and not exclusively on political considerations or any alleged policy of summary denial.
 
 IV
 Due Process
 
 15
 The IJ's decision finding Jakubiak deportable as charged and denying his applications for asylum and withholding of deportation was affirmed by the BIA on June 20, 1991. On February 14, 1992, pursuant to an INS motion, this court vacated the BIA's June 20, 1991 order and remanded the case for consideration of whether Jakubiak was denied due process because of insufficient notice of the deportation hearing and failure of the government to provide him with counsel. On remand, the BIA found no due process violation.
 
 
 16
 Jakubiak now contends that the BIA erred by finding that he was not denied due process because he was provided with adequate notice of the deportation hearing and because he was not entitled to counsel at government expense. This contention lacks merit.
 
 A. Notice
 
 17
 The record shows that on May 24, 1990, Jakubiak was notified that a docket call hearing would be held on June 20, 1990 at which a hearing would be scheduled on his asylum request. At the June 20, 1990 docket call hearing, the IJ asked Jakubiak if he wished to schedule his hearing for a later date to enable him to obtain counsel. Jakubiak agreed to proceed without counsel and to schedule a hearing the same day on the merits of his asylum request. A hearing was thus set for 12:30 p.m. on June 20, 1990. Jakubiak properly was served with notice of this hearing. The record thus shows that the BIA did not err by finding that Jakubiak received adequate notice of the June 20, 1990 deportation hearing and agreed to proceed with the hearing on that date.
 
 
 18
 B. Failure of Government to Provide an Attorney
 
 
 19
 Jakubiak argues that he was unable to retain an attorney that he could afford, and that the government's failure to provide him with an attorney at government expense prevented him from receiving a fair hearing. The BIA found that the government was under no obligation to provide Jakubiak with an attorney.
 
 
 20
 Due process entitles aliens to be represented at their deportation hearings by counsel of their choice obtained at their own expense. Acewicz, No, 91-70257, slip op. at 980; see also 8 U.S.C. § 1362; 8 U.S.C. § 1252(b)(2). Aliens, however, have no right to appointed counsel. Acewicz, No, 91-70257, slip op. at 980.
 
 
 21
 To ensure that an alien understands his right to counsel, the IJ must, pursuant to federal regulation, (1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation hearing is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs. 8 C.F.R. § 242.16(a).
 
 
 22
 Here, Jakubiak properly was apprised of his right to representation by the IJ and chose to proceed without counsel. There is no indication in the record that Jakubiak did not understand his right to representation or that his waiver of that right was involuntary. Furthermore, the government was under no obligation to provide counsel for Jakubiak at its own expense. See Acewicz, No. 91-70257, slip op. at 980-81.[1]
 
 
 23
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Jakubiak's request for costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1) ("EAJA"). See Ardestani v. INS, 112 S.Ct. 515, 520 (1991) (administrative deportation proceedings are not adversary adjudications and are, therefore, "wholly outside the scope of the EAJA")