51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Carlos PRADO-RODRIGUEZ,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70117.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 MEMORANDUM**
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 Juan Carlos Prado-Rodriguez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 2
 * Background
 
 
 3
 Prado-Rodriguez entered the United States without inspection on March 8, 1989. Prado-Rodriguez was apprehended shortly thereafter and the Immigration and Naturalization Service ("INS") issued an order to show cause charging him with deportability as an alien who entered the country without inspection in violation of 8 U.S.C. Sec. 1251(a)(2).
 
 
 4
 Prado-Rodriguez obtained Rev. Robert Vitaglione, an accredited representative, to represent him in the deportation proceedings. Prado-Rodriguez conceded deportability and applied for asylum and withholding of deportation under 8 U.S.C. Secs. 1158(a) and 1253(h). After the hearing, the IJ concluded that Prado-Rodriguez failed to establish a well-founded fear of persecution and thus denied Prado-Rodriguez's application.
 
 
 5
 Following the IJ's decision, Prado-Rodriguez moved to California. Rev. Vitaglione, however, continued to represent him and filed a brief with the BIA appealing the IJ's findings. Prado-Rodriguez alleges that he made several unsuccessful attempts to contact Rev. Vitaglione to ascertain the status of his appeal. On February 19, 1993, the BIA affirmed the IJ's decision. The BIA mailed a copy of its order to Rev. Vitaglione.[1] No appeal of the BIA's affirmance was filed on Prado-Rodriguez's behalf. Prado-Rodriguez maintains that he never received timely notice of the BIA's affirmance of the IJ's decision and thus was prevented from timely appealing.
 
 
 6
 On November 18, 1993, Prado-Rodriguez filed a motion to reopen deportation proceedings with the BIA alleging that Rev. Vitaglione provided poor representation by not communicating the status of his appeal which precluded Prado-Rodriguez from filing a timely appeal. The BIA denied the motion concluding that Prado-Rodriguez was properly served, that he offered no new evidence in his motion, and that it lacked authority to reopen the proceedings merely to allow him to obtain federal appellate review.[2] Prado-Rodriguez timely appeals the denial of his motion to reopen.
 
 II
 Merits
 
 7
 We review the BIA's denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986). The BIA may deny a motion to reopen on at least three grounds--"failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." Doherty, 502 U.S. at 323 (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988).[3]
 
 
 8
 Aliens have a fifth amendment right to due process in deportation proceedings. Mohsseni Behbahani v. INS, 796 F.2d 249, 251 n. 1 (9th Cir.1986). To prevail on an ineffective assistance of counsel claim, an alien must show that the assistance given was "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Ramirez-Durazo v. INS, 794 F.2d 491, 500 (9th Cir.1986) (quoting Magallanes-Damian, 783 F.2d at 933.) Additionally, an alien must demonstrate that he was prejudiced by his representative's performance. Mohsseni Behbahani, 796 F.2d at 251. To establish prejudice, an alien must demonstrate that the outcome may have been different. Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990).
 
 
 9
 Here, Rev. Vitaglione represented Prado-Rodriguez before the IJ and filed a brief on Prado-Rodriguez's behalf to the BIA. There are no specific allegations that Rev. Vitaglione committed errors at either stage which could constitute ineffective assistance of counsel. Further, there are no contentions that the BIA's service upon Rev. Vitaglione was improper. The only specific allegation Prado-Rodriguez has made is that Rev. Vitaglione failed to inform him of the status of his appeal. Prado-Rodriguez has failed to show that the assistance he received was so ineffective that the proceedings were fundamentally unfair.
 
 
 10
 Moreover, Prado-Rodriguez has failed to establish any prejudice due to Rev. Vitaglione's failure to file an appeal. The BIA previously reviewed the record and concluded Prado-Rodriguez did not establish a well-founded fear of persecution, and in his motion to reopen Prado-Rodriguez failed to submit any new evidence indicating that he had a valid claim for either asylum or withholding of deportation. See Mohsseni Behbahani, 796 F.2d at 251.
 
 
 11
 There is no evidence indicating that Rev. Vitaglione made errors in the initial hearing or in the appeal which constitute ineffective assistance of counsel. See id. (citing Paul v. INS, 521 F.2d 194, 199 (5th Cir.1975) ("claim of ineffective assistance of counsel must allege facts to allow court 'to infer that competent counsel would have acted otherwise'...."). The loss of appellate review of the BIA's determination is not, in and of itself, prejudicial. cf. Matter of Lozada, 19 I. & N. Dec. 637 (1988) (failure of counsel to submit a brief on appeal does not in itself amount to a deprivation of due process), aff'd, 857 F.2d 10 (1st Cir.1988). What must be shown is that, but for counsel's ineffectiveness, the outcome may have been different. Barraza Rivera, 913 F.2d at 1448. Prado-Rodriguez has failed to demonstrate that his representative was constitutionally ineffective. Even if he did, he still failed to show that he was prejudiced by this ineffectiveness. Accordingly, the BIA did not abuse its discretion by denying his motion to reopen. See Doherty, 502 U.S. at 323.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rev. Vitaglione filed a notice of Entry of Appearance as Attorney or Representative before the BIA. Thus, the BIA's service upon Rev. Vitaglione was proper. See 8 C.F.R. Secs. 3.1(f), 292.5(a)
 
 
 [2]
 We need not decide whether the BIA had authority to reopen its proceedings because we conclude that Prado-Rodriguez failed to demonstrate that his representative was ineffective
 
 
 [3]
 Motions to reopen deportation proceedings are governed by 8 CFR Sec. 3.2 (1987) which states in pertinent part that "[m]otions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing...."