62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vicente AGUILAR-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70576.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vicente Aguilar-Lopez ("Aguilar-Lopez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Section 212(c) permits the Attorney General to grant discretionary relief from deportation to lawful permanent residents. See 8 U.S.C. Sec. 1182(c); Paredes-Urrestarazu v. INS, 36 F.3d 801, 806 (9th Cir. 1994). In deciding whether to grant section 212(c) relief, the BIA must take into account the social and humane considerations presented in the applicant's favor and balance them against evidence of the applicant's undesirability as a permanent resident. Yepes-Prado v. INS, 10 F.3d 1363, 1365-66 (9th Cir. 1993). We review the BIA's fact-finding to see if it is supported by substantial evidence. Id. at 1366. We review the BIA's balancing of the equities for abuse of discretion, and will "set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns."' Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir. 1991) (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir. 1987)).
 
 
 4
 Here, the BIA considered the factors in favor of granting relief, including Aguilar-Lopez's 25-year residence in this country, beginning at the age of 2, and that his deportation would separate him from his parents and three siblings who live in the United States. Although the BIA characterized these favorable factors as "outstanding equities," it found that they were outweighed by unfavorable factors, namely Aguilar-Lopez's numerous drug-related offenses.
 
 
 5
 Aguilar-Lopez was convicted in 1985 for possession of a controlled substance, PCP, and was sentenced to three years probation and 180 days suspended sentence. In 1986 and 1987 he violated his probation by being under the influence of controlled substances. After failing to complete a drug diversion program, he was sentenced to 180 days in custody. In 1989 he was convicted of being under the influence of PCP and was sentenced to 90 days custody and three years summary probation. He violated his probation later that same year by being under the influence of PCP and was sentenced to 105 days in custody.
 
 
 6
 The BIA found that Aguilar-Lopez's criminal record indicated that he had a "troubling disrespect for the legal system," and was unwilling to stay out of trouble. The BIA's finding that Aguilar-Lopez was not rehabilitated is supported by substantial evidence, namely his numerous probation violations, his subsequent criminal conviction, and his failure to complete a drug rehabilitation program. See Yepes-Prado, 10 F.3d at 1372.
 
 
 7
 Because the BIA findings are supported by substantial evidence and because it supported its conclusion with a reasoned explanation based upon legitimate concerns, we cannot say that it abused its discretion by affirming the IJ's denial of discretionary relief. See Ayala-Chavez, 944 F.2d at 642.
 
 
 8
 Aguilar-Lopez also argues that he was denied due process of law as a result of his attorney's ineffectiveness. This argument is without merit.
 
 
 9
 Applicants for discretionary relief have a fifth amendment right to due process in deportation proceedings. Mohsseni Behbahani v. INS, 796 F.2d 249, 251 n.1 (9th Cir. 1986). To prevail on an ineffective assistance of counsel claim, the applicant must show that the assistance given was "so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." Ramirez-Durazo v. INS, 794 F.2d 491, 500 (9th Cir. 1986). Additionally, an applicant must demonstrate that he was prejudiced by his representative's performance. Mohsseni Behbahani, 796 F.2d at 251. To establish prejudice, an applicant must demonstrate that the outcome may have been different. Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir. 1990).
 
 
 10
 Aguilar-Lopez claims that he was prejudiced by his counsel's failure to seek a continuance at the beginning of the deportation hearing when criminal charges of driving while under the influence were pending against Aguilar-Lopez. The IJ stated that he did not consider the pending charges in making his decision, therefore there was no prejudice. In any event, it would have been appropriate for the IJ to consider the arrest in weighing the equities. See Parades-Urrestarazu, 36 F.3d at 810.
 
 
 11
 Finally, Aguilar-Lopez claims that his attorney was ineffective by calling only his father as a witness, and that if other members of his family had testified, the result of the hearing would have been different. He submitted affidavits from his family members in support of his appeal to the BIA. Because the BIA conducted a de novo review of the record, including the affidavits, Aguilar-Lopez was not prejudiced.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3