69 F.3d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BANDURA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70352.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Nov. 2, 1995.
 
 Petition for Review of a Decision of the Board of Immigration Appeals, INS No. Anb-eoa-fim.
 BIA
 PETITION DENIED.
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Robert Bandura petitions for review of the Board of Immigration Appeals' (Board) dismissal of his appeal from the immigration judge's (IJ) decision holding him deportable under 8 U.S.C. Sec. 1251(a)(2)(B)(i).
 
 
 2
 Bandura argues that the Board erred in considering an unauthenticated, hearsay list of prior convictions that was not before the IJ and that became part of the record after the IJ rendered his decision. Based in part on the listed convictions, the Board concluded that Bandura was a "menace on the road" and therefore denied relief under 8 U.S.C. Sec. 1182(c) and affirmed the IJ's deportation order.
 
 
 3
 We review for abuse of discretion the Board's denial of an application for a waiver of deportability under 8 U.S.C. Sec. 1182(c). Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). The Board's decision "will be upheld unless it is arbitrary, irrational, or contrary to law." Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994).
 
 
 4
 Bandura contends that the Board abused its discretion in basing its decision in part on the list of convictions. We hold that the Board acted well within its discretion in considering the list. First, the list of convictions was part of the record in front of the Board. Bandura did not object when the IJ augmented the record with the list of convictions. Nor did Bandura petition the Board for rehearing once he realized that the Board based its decision in part on the list.
 
 
 5
 Second, the Board's consideration of the list did not prejudice Bandura. Hearsay evidence is admissible in an administrative hearing if it is probative and if admission is fundamentally fair. Espinoza v. INS, 45 F.3d 308, 310 (9th Cir.1995). To be reversible error, Bandura must therefore show that the Board's use of the list was prejudicial. Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). To show prejudice, Bandura must provide "concrete evidence" that the Board's error had the potential for affecting the outcome of the proceeding. Id.
 
 
 6
 Bandura failed to make this showing. He did not contend that the list of convictions was inaccurate. During cross-examination in front of the IJ, Bandura admitted that he had been convicted "half a dozen times" for driving under the influence of alcohol, that he had been convicted for driving with a suspended license, and that he had had other "driving offenses" in California. Although the Board relied on the list of convictions, Bandura's own admissions amply support the Board's conclusion that Bandura is a "menace on the road." Because the elements of the list on which the Board relied were never contested, and because Bandura admitted to many of the convictions contained on the list, the Board did not abuse its discretion.
 
 
 7
 Bandura also argues that he was denied due process because he had no opportunity to confront the evidence against him. Due process is violated only where a procedural error causes an alien to suffer some prejudice. Mohsseni Behbahani v. INS, 796 F.2d 249, 250 (9th Cir.1986). Bandura points to no evidence in the record that establishes that his inability to confront the charges on the conviction list was prejudicial.
 
 
 8
 PETITION DENIED.
 
 
 9
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.