86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdul Hossein SARHANGZADEH; Maryam Sarhangzadeh, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70026.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided May 17, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abdul Hossein Sarhangzadeh, his wife Maryam Mootamedi, and his daughter Pooneh Sarhangzadeh ("petitioners"),[1] all natives and citizens of Iran, petition this court for review of an order of the Board of Immigration Appeals ("BIA") which dismissed their appeal from an order of an immigration judge ("IJ") which denied their request for asylum and withholding of deportation.[2]
 
 
 3
 * A
 
 
 4
 Petitioners first argue that their due process rights were violated because Sarhangzadeh received ineffective assistance of counsel.[3] In order to prevail on this issue, petitioners must demonstrate "not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing...." Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986). They must also show that they were prejudiced by their attorney's errors, Mohsseni Behbahani, 796 F.2d at 251, in the sense that their rights were "violated in a manner so as potentially to affect the outcome of the proceedings." Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990) (citations, quotations omitted). Petitioners have failed to satisfy either requirement.
 
 
 5
 First, petitioners have failed to show that the proceedings were fundamentally unfair because of the quality of counsel's performance. Petitioners claim that Sameni incompetently prepared Sarhangzadeh's application, forged Sarhangzadeh's signature, and, without Sarhangzadeh's knowledge or permission, improperly added false information to the application which later conflicted with Sarhangzadeh's testimony and thus undermined his credibility.[4] However, they offer no evidence supporting their contention that Sarhangzadeh's inconsistencies were entirely the result of Sameni's machinations. In addition, the IJ repeatedly gave Sarhangzadeh an opportunity to explain the inconsistencies, and the mere fact that the IJ remained unsatisfied with his responses does not indicate that the proceeding was "fundamentally unfair."
 
 
 6
 Second, petitioners have failed to establish prejudice from Sameni's alleged errors, primarily because the IJ's credibility determination depended in part on Sarhangzadeh's admission that he improperly stated in his asylum application that he was a member of the Bahai religion because Sameni told him "if you write this down, that would help you." In light of this admission and other inconsistencies in Sarhangzadeh's testimony, petitioners have failed to prove that the result of the proceeding would have been different but for Sameni's alleged errors.
 
 B
 
 7
 Petitioners also argue that their due process rights were violated because of allegedly faulty translation of their testimony in the deportation hearing. We are not persuaded.[5]
 
 
 8
 In order to establish that their due process rights were violated, petitioners must prove (1) that the interpreter performed incompetently, and (2) that they were prejudiced by the errors. Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994). Petitioners have failed to satisfy either prong.
 
 
 9
 First, petitioners point to only two alleged translation errors; however, they do not explain why the translations are inaccurate, nor what their testimony would have been if properly translated. Second, petitioners have completely failed to demonstrate that the result of the proceeding might have been different if their testimony had been translated differently.
 
 
 10
 Accordingly, we reject petitioners' due process claims.
 
 II
 
 11
 Petitioners next argue that they were denied their statutory right to present evidence because the IJ refused to allow them to introduce into evidence certain untranslated pages from an Iranian book purportedly listing Sarhangzadeh as a SAVAK member.
 
 
 12
 The Immigration and Nationality Act states that an alien "shall have a reasonable opportunity ... to present evidence on his own behalf...." 8 U.S.C. § 1252(b)(3) (1970 & Supp.1996). Petitioners must prove that they were denied their right to present evidence and that the violation caused them prejudice. Barraza Rivera, 913 F.2d at 1447-48 (citations omitted).
 
 
 13
 Petitioners are unable to establish that the IJ's decision violated their right to present evidence. To the contrary, the IJ's decision was consistent with a federal regulation which requires that documents be translated into English and accompanied by a certificate stating that the translation is true and accurate. 8 C.F.R. § 3.33. In addition, the petitioners cannot show prejudice, because the IJ allowed Sarhangzadeh to testify regarding the contents of the document and discussed the document in his opinion. As such, we find no error.
 
 III
 
 14
 Petitioners also contend that the IJ abused his discretion by failing to call, sua sponte, Sameni to the stand to clarify the inconsistencies between Sarhangzadeh's testimony and the asylum applications prepared by Sameni. This argument fails because, as the BIA noted, the burden to demonstrate asylum eligibility is on petitioners, and the IJ had no legal obligation to call Sameni.
 
 IV
 
 15
 Finally, petitioners challenge the BIA's finding that they were ineligible for asylum. This court must uphold that decision "if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " Ubau-Marenco v. INS, 67 F.3d 750, 754 (9th Cir.1995) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). To obtain a reversal, petitioners must present evidence "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84.
 
 
 16
 The BIA's finding that petitioners were ineligible for asylum was supported by substantial evidence. First, the BIA's finding that Sarhangzadeh's testimony was not credible was fully supported by the record. The BIA cited a number of specific inconsistencies between Sarhangzadeh's testimony and his two asylum applications. In addition, the BIA's finding was supported by Sarhangzadeh's admission that he voluntarily and improperly stated in his asylum application that he was a member of the Bahai religion.
 
 
 17
 Second, the BIA finding was supported by the fact that petitioner lived unharmed and largely undisturbed in Iran for eight years after the incidents in 1980 which are alleged to form the primary basis for his claim of past persecution and his well-founded fear of future persecution. In addition, the fact that Sarhangzadeh left Iran in 1985, visited the United States, and voluntarily returned to Iran for three more years before seeking asylum strongly supports the BIA's conclusion. In sum, petitioners have failed to present evidence so compelling as to mandate the conclusion that the BIA erred.
 
 V
 
 18
 For the foregoing reasons, we deny the petition for review.
 
 
 19
 PETITION DENIED.
 
 
 
 *
 This case shall be submitted on the briefs without oral argument on Friday, May 10, 1996 in Pasadena, California pursuant to Federal Rule of Appellate Procedure 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Abdul Sarhangzadeh included his wife and daughter in his application; their claims are derivative of his claim. See 8 C.F.R. §§ 208.3, 208.21
 
 
 [2]
 We have jurisdiction to consider the petition under 8 U.S.C. § 1105a(a). Because the BIA applied de novo review to the IJ's findings, we review only the BIA's, and not the IJ's, decision. Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993)
 
 
 [3]
 The right to effective assistance of counsel in civil deportation proceedings derives from the fifth amendment due process guarantee of a full and fair hearing. Mohsseni Behbahani v. INS, 796 F.2d 249, 251 n. 1 (9th Cir.1986) (citations omitted). This court reviews de novo the BIA's finding that counsel's performance was effective. Id. at 250
 
 
 [4]
 The BIA rejected these arguments by noting that petitioners had failed to satisfy the standards for proving ineffective assistance of counsel established in Matter of Lozada, 19 I & N Dec. 637 (BIA1988). We apply different standards in assessing ineffective assistance of counsel claims in this context
 
 
 [5]
 The INS argues that petitioners have waived this argument by failing to raise it below. We choose to address it on the merits