94 F.3d 650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa Amelia ESCOBAR-CORTEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70869.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Escobar-Cortez is a native and citizen of El Salvador who entered the United States without inspection. When Escobar-Cortez failed to appear at her deportation hearing, the Immigration Judge ruled in abstentia that her claims for asylum, withholding of deportation, and voluntary departure had been abandoned. CAR 35. The BIA stayed her appeal from that ruling so that she could apply for temporary protected status pursuant to the stipulated settlement agreement in American Baptist Churches v. Thornberg, 760 F.Supp. 796 (N.D.Cal.1990). CAR 9. Escobar-Cortez failed to apply, however, and the BIA lifted the stay and dismissed her appeal. CAR 2. We deny the petition for review.
 
 
 3
 Escobar-Cortez contends that she was denied due process because she received ineffective assistance of counsel when her lawyer (1) failed to argue her claims at the deportation hearing despite her unexplained failure to appear, and (2) failed to submit an application on her behalf for temporary protected status under American Baptist Churches. At a deportation proceeding, ineffective assistance of counsel is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting her case. Ramirez-Durazo v. INS, 794 F.2d 491, 497-98 (9th Cir.1986). The alien must show that she was prejudiced by counsel's deficient performance. Mohsseni Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986).
 
 
 4
 The BIA has held that to obtain review of an ineffective assistance of counsel claim, the alien must submit an affidavit stating the relevant facts and detailing the nature of the attorney-client agreement. Matter of Lozada, 19 I & N 637, 639 (BIA) aff'd sub nom Lozada v. INS, 857 F.2d 10 (1st Cir.1988). To limit the "potential for abuse," the BIA requires that former counsel be informed of the allegations and given an opportunity to respond. Id. This insures that the record contains the "essential information" necessary to "evaluate the substance" of the alien's claim. Id.
 
 
 5
 Escobar-Cortez has not complied with the BIA's requirements or explained her failure to do so, and, as a result, the record lacks the essential information necessary to evaluate the substance of Escobar-Cortez's claim. With respect to the hearing before the Immigration Judge, there is no indication that Escobar-Cortez's lawyer had substantial evidence to present other than Escobar-Cortez's testimony. And with respect to the appeal, there is no indication that Escobar-Cortez's lawyer had agreed to submit her application for temporary protected status or that she could not have done so herself.
 
 
 6
 Escobar-Cortez also contends that she is eligible for suspension of deportation. See 8 U.S.C. § 1254. We reject the argument. The INS asserts, and Escobar-Cortez does not dispute, that she has not applied for this form of relief.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3