117 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carin MINASIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70367, Afp-tql-vbq.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carin Minasian, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's ("IJ") denial of her motion to reopen deportation proceedings on the basis of ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 We review for abuse of discretion the BIA's denial of a motion to reopen deportation proceedings. See Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994). In support of a motion to reopen due to ineffective assistance of counsel, an alien must: (1) produce an affidavit describing in detail the agreement with former counsel, (2) inform former counsel of the allegations and afford him an opportunity to respond, and (3) report whether a complaint of ethical or legal violations has been filed with the proper authorities, and if not why not. See Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988), aff'd sub nom. Lozada v. INS, 857 F.2d 10 (1st Cir.1988). An alien claiming ineffective assistance of counsel must also show resulting prejudice. See Mohsseni-Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986).
 
 
 4
 Minasian did not identify former counsel, and produced no evidence that she entered into a representation agreement, provided notice to former counsel of the present allegations, or filed a formal complaint. See Matter of Lozada, 19 I & N at 639. Moreover, Minasian did not present any evidence to support the asylum application former counsel allegedly advised her to withdraw, thereby precluding a finding of prejudice.[1] See Mohsseni-Behbahani, 796 F.2d at 251; see also Delmundo, 43 F.3d at 439 (stating that movant must establish a prima facie case for the underlying relief sought to prevail on a motion to reopen).
 
 
 5
 Accordingly, the BIA did not abuse its discretion by dismissing Minasian's appeal of the IJ's denial of her motion to reopen deportation proceedings. See Delmundo, 43 F.3d at 439.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In fact, Minasian admitted that she sought to reopen proceedings and file an asylum application for the sole purpose of delaying deportation long enough to secure labor certification