132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rakesh CHAND; Ronita Devi Chand; Manishaa Bharati Chand, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70278, Ayb-dub-mup, Afq-fxv-bmt, Abn-sfh-bss.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rakesh Chand, a native and citizen of Fiji, of Hindu Indian descent, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.[2]
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the IJ's fact-based determinations, including whether an applicant has adequately demonstrated past or a well-founded fear of future persecution, under the substantial evidence standard. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To succeed on appeal, a petitioner must show "that the evidence not only supports [reversal], but compels it." INS v. Elias-Zacarias, 502 U.S. 478, 482 n. 1 (1992).
 
 
 4
 Chand testified that five young native Fijians stole his wallet and watch on payday, and smashed a bottle over his head. He acknowledged that almost all of his co-workers were also robbed on payday. After being warned not to, Chand reported the incident to police, who claimed they could do nothing because they did not have a vehicle. A week or two later, the same five youths stoned Chand's home, killing his dog, and threatened the family with a similar fate if Chand again reported to police.
 
 
 5
 Because almost all of Chand's co-workers, of undisclosed ethnicity, were also attacked or payday, and Chand's attackers apparently retaliated against him because he had gone to the police we are not compelled to conclude that Chand suffered persecution on account of his race, religion, or membership in a particular social group, rather than on account of his wealth and defiance. See Elias-Zacarias, 502 U.S. at 481 n. 1; see also Prasad, 47 F.3d at 340 ("Particularized individual persecution, not merely conditions of discrimination in the country of origin, must be shown before asylum will be granted.")
 
 
 6
 Accordingly, the IJ's conclusion that Chand failed to establish eligibility for asylum is supported by substantial evidence. See Acewicz, 984 F.2d at 1061. It follows that he did not satisfy the more stringent standard for withholding of deportation. See Prasad, 47 F.3d at 340.[3]
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Rakesh Chand's wife, Ronita Devi Chand, and his daughter, Manishaa Bharati Chand, are co-petitioners
 
 
 [2]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [3]
 Because Chand failed to argue before the BIA that certain "inaudible" portions of the deportation hearing transcript bolstered his claim, we lack jurisdiction to consider that issue on appeal. See Vargas v. United States Dep't of Immigration, 831 F.2d 906, 907-08 (9th Cir.1987). Moreover, because Chand failed to show resulting prejudice, he failed to establish ineffective assistance of counsel. See Mohsseni-Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986)