Lazaro TABINO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70528.
I & NS No. A70–566–591.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 12, 2001*.

Decided Oct. 16, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

756

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM**

Lazaro Tabino, a native and citizen of the Philippines, petitions for review of a final decision by the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an Immigration Judge's decision denying his application for asylum, withholding of deportation, and voluntary departure. Pursuant to the Illegal Immi-

** This disposition is not appropriate for publication and may not be cited to or by the

gration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), *as amended by* IIRIRA § 309(c), *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in failing to address Tabino's ineffective assistance of counsel claim because Tabino failed to comply with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1125 (9th Cir.2000). Tabino did not file an affidavit detailing the agreement between himself and former counsel, nor did he inform former counsel of the allegations leveled against him, or explain to the BIA why he never lodged a formal complaint against former counsel with the appropriate disciplinary committee. The record does not show a "clear and obvious case of ineffective assistance of counsel" that would excuse *Lozada* compliance. *Castillo–Perez v. INS,* 212 F.3d 518, 526 (9th Cir.2000). Furthermore, even if Tabino had complied with *Lozada,* the record does not show that Tabino suffered any actual prejudice due to ineffective representation. *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000); *Mohsseni v. INS,* 796 F.2d 249, 251 (9th Cir.1986).

The BIA's adverse credibility finding was supported by substantial evidence. The BIA pointed to contradictions in Tabino's testimony, to suspect documentary evidence, and to the implausibility of Tabino's story in making its finding. Absent credible evidence, Tabino's asylum application must fail. *Berroteran–Melendez v.*

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*INS*, 955 F.2d 1251, 1256–58 (9th Cir. 1992).

PETITION FOR REVIEW DENIED.