**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEGUNDO MARCELO ANGAMARCA LLIVICURA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 13-71820 <br><br> Agency No. A097-526-092 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Segundo Marcelo Angamarca Llivicura, a native and citizen of Ecuador,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

denying his motion to reopen removal proceedings. Our jurisdiction is governed

by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying for lack of prejudice Angamarca Llivicura's motion to reopen based on a claim of ineffective assistance of counsel. *See Montes-Lopez v. Holder*, 694 F.3d 1085, 1090 (9th Cir. 2012) ("[A] petitioner must show prejudice to prevail on a claim [of] ineffective assistance of counsel . . . ."). As to Angamarca Llivicura's first prior attorney, the BIA's previous decision reopening removal proceedings based on Angamarca Llivicura's claim of ineffective assistance of counsel cured any prejudice arising from that attorney's errors. *See Desta v. Ashcroft*, 365 F.3d 741, 748 (9th Cir. 2004) (observing that reopening can "cure" previous defective representation). As to his second prior attorney, Angamarca Llivicura did not explain how any testimony that his siblings were unable to present due to that attorney's alleged errors might have altered the agency's determination that he had failed to demonstrate sufficient hardship to qualify for cancellation of removal. *See Mohsseni Behbahani v. INS*, 796 F.2d 249, 251 (9th Cir. 1986) (concluding that the petitioner's failure to "describe the evidence that [his counsel] incompetently failed to introduce" prevented the court from finding prejudice).

13-71820

In light of this disposition, we need not evaluate Angamarca Llivicura's compliance with the procedural requirements for filing an ineffective-assistance claim. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Angamarca Llivicura's assertions regarding hardship lie beyond the scope of our review. *See Andia*, 359 F.3d at 1184 ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**