111 F.3d 137
 Pens. Plan Guide (CCH) P 23935A
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Evelyn ADAMS; Ronald Bechler; Jack Burns; Chloe Brasuell;
Troy Cundiff; Leonard Curran; Frank Dompe; James
Edmiston; Edward Frank; Frances Frank; Mary Garcia;
Georgette Hagen; Harvey Haney; Glyn O. Harding; Mitsuo
Higuchi; Elwood Hummel; Carol Joachim; Betty Ann Kiba;
John Killam; Jerry Knaack; Arlene Knapp; Betty Kreitzer;
David Kreps; Charles Lane; Douglas Lanterman; Velma
Lawrence; John McLoughlin, Jr.; Rene Michaud; Esther
Miller; Jerrod Moore; Nancy Owens; Lucille Peltack;
Douglas Persson; Raymond Pokraka; Larry Prioste; F. May
Rhody; Rachel Riojas; Darol Rockey; Alexander Rose, Jr.;
Charles Sakogawa; Louis Sanchez, Elaine Walker Satterwhite;
Micheline Saunders; Lawrence Sepe; Jack Singleton; Nancy
Spirlock; Paul Spitsen; Eleanor Sugden; Harold Thiede;
George Thomson; Daisy Tindall; John Twing; Mary Wiley;
Rosalie Williams; E. Marc Wood; James Young; Louis
Sanchez; Lister Carroll; Edward Greene; Winnie Lo Vine,
Plaintiffs-Appellants,
v.
LITTON SYSTEMS, INC., dba Litton Applied Technology; Litton
Industries, Inc., Defendants-Appellees.
 No. 95-17099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1997.
Decided April 3, 1997.
 Before: BRUNETTI, FERNANDEZ and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, present and retired employees (the "employees") of defendant Litton Applied Technology ("Litton"), brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), seeking enforcement of the "Rule of 75" retirement welfare benefit[1] which they claim Litton had no right to change or terminate. After a bench trial, the district court concluded that the claimed benefit was embodied in a 1981 Summary Plan Description (the "SPD") and that there was an unambiguous reservation of rights in the SPD that permitted Litton to modify or terminate any part of the health care plan described in the SPD. We affirm.
 
 
 3
 We agree with the district court that the Rule of 75 was embodied in the SPD and, contrary to the employees' assertion, there is no separate, informal Rule of 75 plan. We will question whether an informal ERISA plan exists only when there is no formal plan document describing the benefit: i.e., when there is a question as to whether a de facto plan has been created. Cinelli v. Security Pacific Corp., 61 F.3d 1437, 1443-44 (9th Cir.1995). In this case, there is a SPD that describes the pertinent terms of the Rule of 75. In essence, the "Itek Group Hospital and Medical Expense Plan" is an umbrella welfare plan, which provides: 1) coverage for active employees, 2) an early retirement option that allows retirees to continue their coverage at no additional cost (the Rule of 75), and 3) modified health care benefits for employees or retirees eligible for Medicare benefits; in other words, one medical benefits plan with three categories of participants. The organization of the SPD also yields this conclusion. Information regarding retiree benefits, including the Rule of 75, are located under the heading "Your Group Hospital and Medical Expense Plan," and the sub-heading "Provisions Applying to All Basic and to Major Medical Coverage," implying that the Rule of 75 benefit is a component of the group hospital and medical plan.
 
 
 4
 The employees contend that the SPD merely cross-references an informal Rule of 75 plan because the formal group medical document does not even mention the benefit or retirees. We have, however, recognized that in addition to describing a formal plan, a SPD can supplement the formal plan with additional terms. White v. Jacobs Engineering Group Long Term Disability Benefit, 896 F.2d 344, 347 (9th Cir.1990). Thus, contrary to the employees' assertion, sometimes the SPD is more complete than the formal plan.
 
 
 5
 We also agree with the district court that the reservation of rights unambiguously applies to the Rule of 75. On the last page of the SPD, under the heading "Other Information You Should Know," Itek reserved "the right to discontinue or change the plan at any time." If, as we concluded above, the Rule of 75 is part of the single plan described in the SPD, then it is unquestionable that the reservation applies to this benefit. Furthermore, even if the employees were correct that the Rule of 75 is a separate "plan," the district court's conclusion would still be correct. It is common practice for employers to include descriptions of several plans in a single booklet for employees, containing a single section applicable to all summarized plans. ABA Section of Labor and Employment Law, Employee Benefits Law, 60 (Steven J. Sacher, et. al eds. 1991).
 
 
 6
 Here, the reservation of rights appears at the end of the SPD, immediately following the summary of benefits and under the general heading "Other Information You Should Know." Nothing in this final section suggests the information is applicable to some but not all of the benefits summarized in the preceding pages. Cf. Arnold v. Arrow Transp. Co. of Delaware, 926 F.2d 782, 786 (9th Cir.1990) (clarity of provision and proximity to summary of benefits should have alerted employee that benefits could be reduced or lost). In fact, the subsection entitled "Summary Plan Description" indicates that "the information ... contained in the preceding pages ... constitutes the summary plan description."
 
 
 7
 We interpret ERISA plan terms "in an ordinary and popular sense as would a [person] of average intelligence and experience." Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1441 (9th Cir.1990) (quotations omitted). The ordinary person reading the final two pages of the booklet would understand that all the information contained in this final section--such as information regarding how the company funds the health benefits and who is the claims administrator--applies to all described benefits. Given the generality of the reservation of rights, and its location at the end of the SPD, we agree with the district court that the provision unambiguously reserves a right to change or terminate any of the benefits previously described in the booklet.
 
 
 8
 Finally, the plaintiffs concede, as they must, that the Rule of 75 is a welfare plan. Unlike retiree pension plans, ERISA does not require welfare plans to vest. Curtiss-Wright Corp. v. Schoonejongen, 115 S.Ct. 1223, 1228 (1995). While the parties are free to contract for vesting, if there are controlling plan documents, this type of extra-ERISA contract must appear in the plan documents. Id. There is no affirmative representation in the SPD that the Rule of 75 can contractually vest. To the contrary, the employees testified and their counsel argued that they understood that the employer could make minor changes to the plan (such as changing the underlying health care provider, increasing the co-payments, etc.), but not drastic changes such as the one Litton made (significantly increasing the portion of insurance the early retiree pays). This concession belies their argument: if their rights to health insurance are contractually vested, as they claim, Litton would not have the authority to make even small changes to the plan. Their rights are either fixed in time or not; we agree with the district court that they are not.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 If employees remained employed with the company so that their age plus years of service equaled 75, they could retire before age 65 and continue to receive their medical benefits by continuing to make only their small employee contribution (meaning Litton paid about 90% of the premiums)