111 F.3d 137
 Raul ARIAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70566.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided April 10, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raul Arias, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for abuse of discretion, Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994), and deny the petition.
 
 
 3
 Arias contends that he was denied effective assistance of counsel because his counsel failed to submit an application for suspension of deportation and failed to appear at his deportation hearing.
 
 
 4
 The right to effective assistance of counsel in civil deportation proceedings derives from the Fifth Amendment due process guarantee of a full and fair hearing. Mohsseni Behbahani v. INS, 796 F.2d 249, 251 n. 1 (9th Cir.1986). In order to prevail on this issue, an alien must demonstrate "not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing...." Magallanes-Damian v. INS, 783 F.2d 931, 933 (9th Cir.1986). A claim of ineffective assistance of counsel must allege facts to allow the "court to infer that competent counsel would have acted otherwise." Mohsseni Behbahani, 796 F.2d at 251 (internal quotation marks omitted).
 
 
 5
 The BIA has held that to obtain review of an ineffective assistance of counsel claim, the alien must submit an affidavit stating the relevant facts and detailing the nature of the attorney-client agreement. Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA), aff'd Lozada v. INS, 857 F.2d 10 (1st Cir.1988). To limit the "potential for abuse," the BIA requires that former counsel be informed of the allegations and given an opportunity to respond. Id. This court has not yet passed upon the overall validity of the BIA's Lozada requirements as a general rule. In this case, however, because Arias did not comply with the BIA's requests or explain his failure to do so, there is no way of knowing the scope of counsel's obligation to Arias or the reason why he did not file the suspension application. This record lacks the essential information necessary to evaluate the substance of Arias's claim. Accordingly, the BIA did not abuse its discretion by denying Arias's motion to reopen. See Delmundo, 43 F.3d at 439.
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3