MATTER OF AMBROSIO

In Deportation Proceedings

A-14516837

A-13786486

*Decided by Board June 8, 1973*

(1) Where deportability was conceded, appeal waived, and the original deportation hearing was not transcribed, due process is not violated by refusal to direct transcription of the original hearing in connection with an appeal from an order denying a motion to reopen the proceedings, where a transcript is not required for a proper appraisal of the appeal.

(2) Motion to reopen the deportation proceedings for the purpose of applying for relief under section 241(f) of the Immigration and Nationality Act, as amended, is denied, since the benefits of section 241(f) are not available to an alien admitted as a nonimmigrant visitor who has been ordered deported on a "remained longer" charge, regardless of the truth of any assertion of fraud at entry now advanced (*Matter of Mangabat*, Interim Decision No. 2131, and *Cabuco-Flores* v. *INS*, 477 F.2d 108 (C.A. 9, 1973)).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—remained longer after admission as nonimmigrant.

ON BEHALF OF RESPONDENTS:
LLoyd A. Tasoff, Esquire
408 South Spring Street
Suite 1016—Continental Building
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Joseph A. Shonman
Trial Attorney

This is an appeal from an order of an immigration judge denying respondents' motion to reopen the deportation proceedings. The appeal will be dismissed.

Respondents are aliens, husband and wife, natives and citizens of the Philippines, who were both admitted to the United States on or about September 13, 1969 as nonimmigrant visitors and remained longer than permitted. At a joint hearing before an immigration judge on October 19, 1972, at which they were represented by present counsel, they admitted the truth of the factual allegations of their respective orders to show cause and conceded deportability. The immigration judge found them to be

deportable and granted them the privilege of departing voluntarily on or before January 19, 1973. Appeal was waived. In accordance with the customary practice when there is no appeal, the hearing was not transcribed.

On January 18, 1973, counsel for respondents filed a motion to reopen to consider an application for termination of the proceedings under section 241(f) of the Immigration and Nationality Act. The motion, which is unsupported despite the requirements of 8 CFR 103.5 and 242.22, states merely, "The parties have been told that they had a preconceived intent to remain in the United States when they arrived and thus have committed fraud. They have two United States born citizen children and thus would be eligible for consideration. We therefore request on their behalf a reopening of the proceedings." In an order dated February 9, 1973, now before us on appeal, the immigration judge denied the motion. He called attention to the fact that at the original deportation hearing, at which counsel had questioned respondents extensively, no evidence of fraud had been adduced. In addition, the immigration judge pointed to the respondents' entries as nonimmigrants and this Board's holding in *Matter of Mangabat*, Interim Decision No. 2131 (1972).

In his notice of appeal, counsel requested a transcript of the deportation hearing and a reasonable time to submit a brief. In a letter to counsel dated April 16, 1973, the immigration judge granted him to April 26, 1973 to file a brief and declined to direct transcription of the deportation hearing. Counsel persisted in his request for the transcript. In a letter to counsel dated May 14, 1973, the immigration judge stated that the records on appeal had been forwarded to this Board and suggested that counsel submit his brief directly to this Board. In a letter to this Board dated May 17, 1973, counsel asserts that he is entitled, as a matter of due process, to receive the transcript so that he can prepare a proper brief on appeal. The records on appeal have now been received, without a transcript of the deportation hearing.

On an appeal such as this from an order of an immigration judge denying a motion to reopen, we review the immigration judge's order on the basis of the moving papers, the papers in opposition to the motion, and the administrative record. If the original deportation hearing has not been transcribed, we do not require a transcript unless we conclude one is needed for a proper appraisal of the appeal. To require a transcript in every case, regardless of need, would place an undue burden on the Service and would only play into the hands of those attorneys who are intent solely on delay. If a transcript were to be had for the mere asking under such circumstances, then any alien who had waived appeal to this

Board would have it within his own power, when ultimately called in for deportation, to thwart deportation by the simple expedient of having his attorney file a motion to reopen and appealing to this Board from its denial. In Service field offices having an acute clerical shortage, such as persists in the Los Angeles district, a delay of many months would ensue and the backlog of cases awaiting transcription would be dramatically increased. There is no automatic stay of deportation pending appeal from such an order, 8 CFR 3.6(b). Due process is not violated if a transcript is made available under such circumstances on a selective rather than an automatic basis.

We see no need for a transcript of the original deportation hearing in order to deal adequately with the issue raised on this appeal. On the basis of the uncontroverted facts already of record, it is clear that the immigration judge's order was correct and conformed to the holdings of the courts and of this Board. The respondents were admitted as nonimmigrant visitors and have been found deportable on the charge that they have overstayed. Regardless of the truth of any self-serving assertion of fraud at entry they now put forward, section 241(f) does not benefit them, *Cabuco-Flores v. INS*, 477 F.2d 108 (C.A. 9, 1973); *Matter of Mangabat, supra.*

Counsel has had ample time to prepare a brief on the section 241(f) issue since he filed his notice of appeal. Moreover, we fail to see how a brief on a record such as this could be helpful to the Board or could lead to an order other than the one we are now prepared to enter. If counsel wishes to seek judicial review of our decision, the record is sufficient for that purpose, in our view, without a transcript of the deportation hearing.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 92 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event failure so to depart, the respondents shall be deported as provided in the immigration judge's order.