108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Venevong CHANDARA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70484.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Feb. 14, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Age-lnf-tnu.
 BIA
 REVIEW DENIED.
 Before: FLETCHER, WIGGINS, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chandara petitions for review a Board of Immigration Appeals ("BIA") order that affirmed the denial of her motion to reopen asylum proceedings. She also appeals the BIA's denial of her request for a remand for a transcription of the deportation proceedings before the Immigration Judge. Further, Chandara claims she did not have effective assistance of counsel from her non-attorney representative. Jurisdiction to review the BIA's order is proper under 8 U.S.C. § 1105a(a). We DENY the petition.
 
 
 3
 Chandara is an adult native and citizen of Laos who entered Hawaii as a visitor on September 30, 1991. After a request for asylum was denied, the Immigration and Naturalization Service ("INS") commenced deportation proceedings.
 
 
 4
 Chandara conceded deportability, but renewed her request for asylum before the Immigration Judge ("IJ"). On April 13, 1994, the IJ stated that upon independent review he determined that she did not qualify for asylum. She then withdrew her request for asylum and was granted voluntary departure by June 13, 1994.
 
 
 5
 On September 7, 1994, the last day for her to depart voluntarily following a medical extension, Chandara filed a motion to reopen deportation proceedings, claiming she had new, material evidence of a well-founded fear of persecution and that she had been denied due process because of ineffective assistance by her non-attorney representative.
 
 
 6
 The IJ denied her motion. He determined that her evidence was not new and that his decision was based on her voluntary actions and was "unaffected" by the non-attorney's assistance. The BIA affirmed. It also declined to order a transcription of the April 13, 1994, deportation hearing because its decision did not depend on her testimony. This appeal followed.[1]
 
 Discussion
 
 7
 I. Did the BIA Abuse Its Discretion in Denying The Motion to Reopen?
 
 
 8
 Motions to reopen may be denied on several bases: (1) the failure to establish a prima facie case for asylum; (2) the failure to present material evidence that was previously unavailable and undiscoverable; (3) as an exercise of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). Motions to reopen are "disfavored," and the Board has broad discretion whether they should be granted. Id. We thus review a denial of a motion to reopen deportation proceedings for abuse of discretion. INS v. Abudu, 485 U.S. 94, 104-06 (1988) (deciding standard of review for bases (2) and (3)); Lainez-Ortiz v. INS, 96 F.3d 393, 395 (9th Cir.1996).
 
 
 9
 We agree with the BIA's conclusion that the letter did not establish a prima facie case for asylum. To establish a prima facie case for asylum, Chandara must establish past persecution or a "well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A); INS v. Cardoza Fonesca, 480 U.S. 421, 423 (1988).
 
 
 10
 Although a pattern of violence against family members may establish a well-founded fear of persecution, the violence must be connected to the petitioner. Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). In this case, the basis for her fear is the current activities of her husband, whom she has not seen since 1991. Further, no specific violence or threat against him is alleged. Cf. Cuadras v. INS, 910 F.2d 567, 569 (9th Cir.1990) (noting that relatives living in country without harm undercut claim of probability of persecution based on family's activities). Rather, the evidence is a general statement that Laos is "harsh" with insurgents. Additionally, only her sister's conclusory letter links the risk of persecution to Chandara herself. For these reasons, we hold the BIA did not abuse its discretion when it determined that she failed to establish a prima facie case for asylum.
 
 
 11
 Further, we are not persuaded that Chandara offered new, material evidence. As new, material evidence to support her application, Chandara offers a letter dated August 15, 1994, from her sister in Laos. The letter states that Chandara's husband is still resisting the Laotian government, that he has remarried, and that Chandara risked jail or death if she returned. Chandara's declaration in support of her motion to reopen stated that the letter confirmed her fear of persecution if she returned to Laos. It also stated that the Laotian government is "harsh" on insurgents and their families. Further, like her husband, her father served in the Royal Laos Military, and was sent to "reeducation" camp following the communist takeover. She explains that she did not tell her representative these facts because she was afraid the Laotian government would have access to her INS file.
 
 
 12
 To the extent the letter "confirmed" her fears, then it is not new except to the extent it reveals specific new facts. She said that her husband told her in 1991 that he was still actively resisting the government. Thus, this evidence was available to her in the original deportation proceeding. Moreover, Chandara's original administrative application for asylum filed in 1991 states that her husband was in the former Royal Laotian Military and had fought against the present communist government. Further, she said that her husband had been sent to a reeducation camp. It was within the BIA's discretion to find she did not present new, material evidence justifying a reopening.
 
 
 13
 II. Was Chandara Denied Ineffective Assistance of Counsel?
 
 
 14
 Chandara claims she was denied due process because she received ineffective assistance from her non-attorney representative at the deportation hearing. An accredited representative is treated as an attorney for determining the competency of representation. Ramirez-Durazo v. INS, 794 F.2d 491, 499 (9th Cir.1986).
 
 
 15
 Review for ineffective assistance of counsel is de novo. Mohsseni Behbahani v. INS, 796 F.2d 249, 250 (9th Cir.1986). In order to prevail on an ineffective assistance of counsel claim, Chandara must show that she was prejudiced by her representative's performance. Id. at 251.
 
 
 16
 Chandara alleges she received ineffective assistance because she did not know the deportation proceeding was confidential. Because of this, she claims she did not reveal her husband was an insurgent. She also claims she did not know she had the right to appeal from the April 14, 1994 Order and claims that the denial of her motion to reopen was improperly premised upon on allegedly voluntary relinquishment of her asylum application at the deportation hearing.
 
 
 17
 Even if Chandara had complied with the BIA's guidelines set forth in Matter of Lozada, 19 I. & N. Dec. 637, 638-39 (BIA 1988), to make an ineffective assistance claim, she cannot prevail because she was not prejudiced by the allegedly ineffective assistance. Mohsseni Behbahani, 796 F.2d at 250. The IJ said that Chandara personally appeared before him at the deportation hearing, that her withdrawal of her application was voluntary, and that his decision was unaffected by the non-attorney's assistance. He stated that at the hearing she understood that voluntary departure meant return to Laos, showed no fear of returning, and requested her passport.
 
 
 18
 Further, Chandara had the opportunity to raise her husband's current activities in her motion to reopen, but the BIA still held that she had failed to establish a prima facie case for asylum. She also had provided in her previous application information concerning some of her husband's activities. Moreover, the IJ conducted an independent review of her application and determined it had no merit. Thus, even if her withdrawal was not an intelligent waiver, she suffered no prejudice.
 
 
 19
 III. The BIA's Refusal to Order Preparation of a Transcript of the April 14, 1994 Deportation Hearing
 
 
 20
 Chandara claims that the BIA's decision without benefit of the deportation hearing transcript violated due process. She argues that, absent a transcript, the BIA was in no position to evaluate the strength of her asylum application and could not know what really happened or what her testimony would have been.
 
 
 21
 We review for violations of due process de novo. Barraza Rivera v. INS, 913 F.2d 1443, 1448 (9th Cir.1990). To violate due process, the BIA's action must have caused prejudice which potentially affected the outcome of the proceeding. Id. at 1447-48.
 
 
 22
 The BIA is under no due process obligation to order transcription of all deportation hearings. Matter of Ambrosio, 14 I. & N. Dec. 381, 382 (BIA 1973). Chandara's motion to reopen must present evidence not available at the deportation hearing. Doherty, 502 U.S. at 325. Thus, a transcript of the hearing is unnecessary for review of the evidence presented at the deportation hearing, if any. Accordingly, the transcript is only potentially relevant regarding Chandara's ineffective assistance claim, specifically whether her waiver of her asylum application and decision not to appeal the voluntary departure order were informed, voluntary decisions.
 
 
 23
 As discussed above, the IJ explicitly found that her decisions were knowing and voluntary. Moreover, the BIA did not need her testimony to determine that she suffered no prejudice from her withdrawal because her evidence (which was offered in her motion to reopen) was insufficient to establish a prima facie case for asylum. Thus, we find that the BIA's refusal to order a transcript did not violate principles of "fundamental fairness."
 
 CONCLUSION
 
 24
 For the foregoing reasons, the petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Every request for asylum after the institution of deportation proceedings is also considered a request for withholding of deportation under 8 U.S.C. § 1253(h). INS v. Doherty, 502 U.S. 314, 323 n. 6 (1992). The only difference between evaluating the two orders is that Chandara would have to meet the more stringent standard of showing a "clear probability of persecution" to establish a prima facie case for withholding deportation. Maroufi v. INS, 772 F.2d 597, 600 (9th Cir.1985). Accordingly, our reasoning in this disposition also supports rejection of the withholding of deportation