NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1689
_____

AISSATOU CISSE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A093-043-105)
Immigration Judge: Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 4, 2013

Before:  FISHER, GARTH and ROTH, Circuit Judges

(Opinion filed:  September 5, 2013)
_____

OPINION
_____

PER CURIAM

Aissatou Cisse ("Cisse") petitions for review of the Board of Immigration

Appeals' final order of removal.  For the reasons that follow, we will grant the petition

for review, vacate the Board's and IJ's orders relating to Cisse's motion to reopen, and

remand for further proceedings.

1

Cisse, a 40 year-old native and citizen of Mali, was admitted to the United States in October, 2002 as a non-immigrant visitor for pleasure. On May 1, 2009, the Department of Homeland Security ("DHS") served her with a Notice to Appear, which charged that she is removable pursuant to Immigration & Nationality Act § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted. Cisse concedes that she is removable on this basis.

After removal proceedings were initiated, Cisse applied for asylum, withholding of removal, and for protection under the Convention Against Torture, based on her fear of being subjected to Female Genital Mutilation ("FGM"), and her fear that her minor daughter, who remains in Mali, would be subjected to FGM. In her statement in support, Cisse said that, when she was 15 years old, her family arranged a marriage for her to an elder cousin and told her that, in keeping with the custom, she would be subjected to FGM. To avoid that, Cisse ran away to a cousin's home in the capital city of Bamako. There, she gave birth to a daughter, Rahinatou, out-of wedlock on January 31, 1993. She gave birth to a son out-of-wedlock in 2001, and then suffered a failed marriage to a Frenchman, after which she came to the United States. Cisse stated that her family in Mali is ashamed of her and believes that the only way she can become respectable is to undergo FGM. She has been banished from her family for refusing to submit to FGM and for having children out-of-wedlock. In support of her application, Cisse submitted evidence of country conditions, including U.S. State Department, World Health

2

Organization, and UNICEF materials, which supported her claim that FGM is extremely prevalent in Mali.[1]

On June 8, 2010, the Immigration Judge conducted a hearing on the merits, after which she denied all relief. Although the IJ issued no written decision, and there is no hearing transcript, apparently the IJ's decision was based on an adverse credibility determination that was in turn based on a determination that corroboration was needed. Cisse then obtained new counsel, and, on September 7, 2010, she filed a motion to reopen in Immigration Court based on evidence that was previously unavailable, 8 C.F.R. § 1003.23(b)(3), and that the IJ had cited as missing from the original proceeding. This evidence included a letter from her daughter, Rahinatou, and her daughter's caretaker, Hawa. Cisse claimed in the motion that her ability to obtain this evidence was limited by a factor not considered by the IJ – that her daughter, although literate, was a minor and was in hiding and that her daughter's caretaker was illiterate. The motion to reopen was later supplemented with an expert witness report from Hany Lightfoot-Klein and the letters from Rahinatou and Hawa. Cisse noted that her expert witness confirmed that even older women like Cisse are still subjected to FGM because they may be considered to have disgraced and dishonored their families, and thus her fear of being subjected to FGM was real.

On January 6, 2011, the IJ granted Cisse's motion to reopen as unopposed. DHS then filed an untimely opposition to the motion, urging the IJ to excuse the untimeliness because DHS counsel had a large caseload and had been absent multiple times due to an

---

[1] The State Department Report noted that a USAID-funded survey of 9,704 women aged 15-49 in Mali was conducted in 1999 and the report put the percentage of women in this age range that had been subjected to FGM at 93.7%. A.R. 347.

unspecified illness. DHS's opposition to reopening removal proceedings was based on arguments that Cisse had been in removal proceedings for one year prior to her hearing, and that she had failed to establish that the evidence she wished to submit was unavailable at the time of her hearing.

On March 21, 2011, the IJ overturned her original order reopening proceedings, and then denied Cisse's motion to reopen on the merits. In addressing the fact that she had previously granted Cisse's motion to reopen, the IJ explained that, following granting the motion, she had scheduled a hearing for February 7, 2011. At that hearing, she discovered DHS's late filing, and had indicated her intent to "reconsider the motion to reopen in light of the opposition of DHS." A.R. 137. The IJ then concluded that Cisse had failed to state new facts in her motion to reopen, and she sought to offer evidence that was available and could have been discovered and presented at her June 8, 2010 hearing. The IJ reasoned that any argument that Cisse was not on notice that additional documents were necessary should have been brought in a timely motion for reconsideration because motions for reconsideration are the proper vehicle for alleging such errors. The IJ further reasoned that, although the letters from Cisse's daughter and her caretaker did not exist at the time of the hearing, Cisse had failed to adequately explain why she had not been able to obtain these letters sooner. In addition, she failed to explain why she could not have obtained her expert witness report in time for the original hearing. In short, the IJ concluded that Cisse simply had "miscalculate[ed] … [with respect to] what documents were necessary to satisfy her burden of proof…." A.R. 140.

Cisse appealed to the Board of Immigration Appeals, and in her brief she demanded a full transcript of both the original proceeding and the hearing on her motion

4

to reopen. She also submitted a motion to remand to the Board, seeking to submit additional evidence that Hawa had been hurt recently and was no longer able to take care of her daughter, and of the current civil unrest in Mali.

On February 27, 2013, the Board dismissed Cisse's appeal and denied her motion to remand. The Board agreed with the IJ that the evidence Cisse submitted with her motion to reopen was not new or previously unavailable, citing 8 C.F.R. § 1003.23(b)(3), and that, with respect to the letters from Cisse's daughter and her caretaker, and the expert witness report, all of which post-dated her hearing, Cisse had not adequately explained why these items could not have been obtained prior to her hearing. The Board agreed that any lack of notice argument concerning the need for corroboration should have been pursued in a timely motion for reconsideration. In addition, the Board rejected as meritless the assertion of a due process violation in connection with the IJ's handling of the motion to reopen, concluding that Cisse had not suffered prejudice. The Board rejected the request for transcripts on the ground that they were not needed. Last, the Board declined to remand the matter, concluding that Cisse's new evidence of the current civil unrest in Mali would not affect the outcome of her case.

Cisse petitions for review of the Board's decision. We have jurisdiction under 8 U.S.C. § 1252(a)(1), (b)(1). In her brief, she argues that the agency failed to provide and review the entire record of proceedings, that the failure to provide a full record prejudiced her ability to present her case, and that her case should be remanded for consideration of all of her additional evidence. DHS argues, in the main, that the agency properly denied Cisse's motion to reopen because she failed to show that she could not have previously

discovered the evidence offered with her motion to reopen and presented it at her original hearing.

We will grant the petition for review, vacate the Board's and IJ's orders relating to Cisse's motion to reopen, and remand for further proceedings. A motion to reopen proceedings before the IJ "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.23(b)(3). A "motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id. We have held that it is not an abuse of discretion to deny a motion to reopen that does not meet these requirements. See, e.g., Caushi v. Att'y Gen. of U.S., 436 F.3d 220, 231 (3d Cir. 2006).

Before we can even consider whether the agency abused its discretion in denying Cisse's motion to reopen on the ground that she sought to offer material evidence that was available and could have been discovered and presented at her June 8, 2010 hearing, we must address her argument that she was prejudiced in the presentation of her case by the absence of transcripts from her June 8, 2010 and February 7, 2011 hearings, and whether we are unable to engage in any meaningful review at this time because of this deficiency in the Administrative Record. The agency has an obligation to provide a full record for review. 8 U.S.C. § 1229a(b)(4)(C). See also Marincas v. Lewis, 92 F.3d 195, 203-04 (3d Cir. 1996) (complete record of proceedings is one of two most basic due process protections in immigration proceedings); Kheireddine v. Gonzales, 427 F.3d 80,

84 (1st Cir. 2005) (due process demands accurate and complete transcript to allow for meaningful appellate review).

Cisse did not appeal the IJ's June 8, 2010 decision denying her applications for asylum and related relief. Instead, she filed a timely motion to reopen with the IJ. "If an appeal is taken from a decision of an immigration judge, the record of proceeding shall be forwarded to the Board upon the request or the order of the Board," 8 C.F.R. § 1003.5(a), but where an alien does not appeal from an immigration judge's decision, the Board generally does "not require a transcript unless [it] conclude[s] one is needed for a proper appraisal" of an appeal from the denial of a motion to reopen, Matter of Ambrosio, 14 I. & N. Dec. 381, 382 (BIA 1973). Here, the Board concluded that it did not need a transcript from Cisse's June 8, 2010 and February 7, 2011 hearings in order to meaningfully review the IJ's decision denying her motion to reopen the decision denying her asylum and related relief. This, we conclude, was error.

As explained by the First Circuit Court of Appeals, a "mere failure of transcription, by itself, does not [give] rise to a due process violation." Kheireddine, 427 F.3d at 85. An allegation of a due process violation must ordinarily be accompanied by a showing of substantial prejudice. See, e.g., Khan v. Att'y Gen. of U.S., 448 F.3d 226, 236 (3d Cir. 2006). But see Leslie v. Att'y Gen. of U.S., 611 F.3d 171, 175 (3d Cir. 2010) (no showing of prejudice required where IJ failed to inform alien of availability of free legal services in violation of regulation which protected fundamental statutory right to counsel at removal hearing). A petitioner in removal proceedings cannot show prejudice if the missing transcript is not material to the issue on review. See McLeod v. Immigration & Naturalization Serv., 802 F.2d 89, 95-96 (3d Cir. 1986). "And prejudice

7

to warrant a remand cannot be shown if the transcription failure does not make any difference to the outcome of the review." Kheireddine, 427 F.3d at 86. In Cisse's case, we are missing two full transcripts that are material to the issue of whether the agency abused its discretion in denying Cisse's motion to reopen the asylum proceedings, and that could make a difference to the outcome of the review. Accordingly, we hold that the absence of the transcripts from both the June 8, 2010 and February 7, 2011 hearings prejudiced Cisse's case under any reasonable definition of prejudice. These hearings were recorded, and the transcripts should be made available.

The hearing transcript for the June 8, 2010 hearing is needed to properly ascertain how and when Cisse was apprised of the need for corroboration. Contrary to the Board's and IJ's determinations, this is not just a matter that should be addressed in a motion for reconsideration. Rather, it is an argument to address the reasons why Cisse did not have certain corroborating items during the June 8, 2010 hearing, and the degree to which she was given an opportunity to gather them. In Matter of Ambrosio, 14 I. & N. Dec. 381 (BIA 1973), on which the Board relied in determining that transcripts were not needed, the aliens were not statutorily eligible for relief, even if all factual allegations were presumed in their favor. See id. at 383. In Cisse's case, in contrast, she is not statutorily ineligible for relief, and transcripts are needed to review the IJ's original factual determinations, including her adverse credibility determination, which the parties do not disagree was based exclusively on a lack of corroboration. Cisse's daughter's status as a minor and the illiteracy of her caretaker arguably are valid explanations for the late-filed evidence, and may establish why letters from these two individuals were unavailable at the June 8, 2010 hearing. Moreover, the expert report from Ms. Lightfoot-Klein provides

8

a direct answer to one of the apparent concerns of the IJ during the June 8, 2010 hearing. As noted *supra*, the report from Ms. Lightfoot-Klein and the letters from Rahinatou and Hawa confirmed that even women of Cisse's age would be subjected to FGM.

The hearing transcript from the February 7, 2011 hearing is needed to properly ascertain whether the IJ erred in overturning her earlier order reopening Cisse's removal proceedings, or erred in determining that Cisse merely sought to offer material evidence that was available and could have been discovered and presented at her June 8, 2010 hearing. At the February 7, 2011 hearing, the IJ discovered DHS's untimely opposition and considered it sufficient to overturn the decision to reopen the proceedings. In view of the fact that proceedings had been reopened for over a month, this raises a concern for us about whether Cisse was given any opportunity to rebut the assertion that the untimeliness of DHS's response should be excused.

We emphasize that the timing and manner in which Cisse and her previous attorney were apprised of the need for specific corroboration is key to understanding whether her explanations for why certain corroboration was not provided were reasonable. Corroboration may be required, even from credible applicants, see Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001), where it is (1) reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure. Chukwu v. Att'y Gen. of U.S., 484 F.3d 185, 191-92 (3d Cir. 2007) (citing Toure v. Att'y Gen. of U.S., 43 F.3d 310, 323 (3d Cir. 2006)). Cisse's argument that she did not just miscalculate what documents she needed to meet her burden of proof could not adequately be presented, and cannot be adequately reviewed, without access to both transcripts. The absence of the transcripts limited

9

Cisse's ability to present her case, and served to insulate the IJ's decisions on June 8, 2010 and February 7, 2011, and now the Board's decision on February 27, 2013, from effective review, and that gives rise to a due process violation.

In sum, we decide that Cisse was prejudiced by the absence of the two transcripts, and we order a remand on that basis. We hold that the agency's failure to provide a full record affected Cisse's ability to present her motion to reopen, and therefore the IJ's order denying it and the Board's order dismissing her appeal are vacated. On remand, and once the transcripts are prepared, the IJ must give Cisse a renewed opportunity to establish that her evidence was not available and could not have been discovered or presented at the former hearing, 8 C.F.R. § 1003.23(b)(3). She must also be given an opportunity to rebut DHS's untimely opposition to her motion to reopen.

For the foregoing reasons, we will grant the petition for review, vacate the Board's and IJ's orders relating to the motion to reopen, and remand for further proceedings.