**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1577
_____

JUAN FRANCISCO TAMAY-LUDIZACA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-944-546)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 29, 2014
Before:  FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: February 3, 2014 )
_____

OPINION
_____

PER CURIAM

Juan Francisco Tamay-Ludizaca petitions for review of an order from the Board of

Immigration Appeals ("BIA") denying his motion to reopen.  For the following reasons,

we will deny the petition.

Tamay-Ludizaca, a native and citizen of Ecuador, entered the United States without inspection in December 2000. Immigration proceedings began in July 2010, when he was charged under 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without inspection or parole. Tamay-Ludizaca's hearings before an Immigration Judge ("IJ") were conducted with the aid of an interpreter. In the first hearing, held in August 2010, he asked that previously retained counsel be withdrawn as counsel of record. He was granted a continuance to obtain new counsel, and the IJ admonished him to be prepared to go forward with or without counsel at the next hearing because no further continuances for obtaining counsel would be granted. Appendix ("App.") at 11.[1]

At the next hearing in November 2010, Tamay-Ludizaca appeared without an attorney, explaining that his counsel could not come. App. at 13. The IJ remarked that no more continuances would be granted, App. at 14, and proceeded with the hearing, in which she found Tamay-Ludizaca removable as charged. App. at 19. The IJ asked him if he had any fear of persecution or torture in Ecuador, and he answered "[t]he only fear is that life over there is very expensive and there's no work." App. at 21. When the IJ asked if he requested voluntary departure, Tamay-Ludizaca requested a continuance so he could appear with counsel. App. at 22. The IJ responded that she already had granted a continuance. Id. After some questioning, Tamay-Ludizaca requested time to make

---

[1] It appears that the hearings were recorded, but there is no transcript in the Administrative Record ("A.R."). See In re Ambrosio, 14 I. & N. Dec. 381, 382 (BIA 1973) (noting that the "customary practice" when there is no appeal is to not transcribe the proceedings). Tamay-Ludizaca has provided a transcription in the Appendix to his brief, to which the government has not objected.

arrangements for his family. The IJ granted a continuance, noting that she expected him to request voluntary departure at his next hearing. App. at 26.

At the last hearing in February 2011, Tamay-Ludizaca again appeared without a lawyer. When questioned by the IJ, he stated he did not have counsel because he believed the IJ had told him that he could no longer have counsel due to his failure to bring counsel to the previous hearing. App. at 30. After attempting to correct the misunderstanding of her statements regarding continuances for obtaining counsel, the IJ proceeded with the hearing and entered an order granting voluntary departure by June 16, 2011, with an alternate order of removal to Ecuador.[2] App. at 35.

Tamay-Ludizaca did not voluntarily depart, nor did he appeal the IJ's decision. Instead, he filed a motion to reopen with the assistance of counsel. Conceding that the motion was late, he argued that the time limit should be equitably tolled because current counsel did not discover the misunderstanding regarding the right to counsel until he reviewed the record. He also argued that the misunderstanding resulted in the deprivation of his constitutional and statutory rights to counsel. Finally, Tamay-Ludizaca contended that he was eligible for withholding of removal because he is a member of an indigenous community in Ecuador that has been abused by the country's president since 2006. A.R. at 53-54.

---

[2] Apparently, Tamay-Ludizaca was not eligible to seek cancellation of removal because he did not accrue ten years of continuous presence before being served with his notice to appear. See 8 U.S.C. § 1229b(b)(1), (d)(1).

The IJ denied the motion, concluding that Tamay-Ludizaca established no basis for equitable tolling because the misunderstanding was his own and was rectified at the February 2011 hearing. To the extent he sought to proceed under the exception to the time limit for motions relying on evidence of changed circumstances in the country of nationality, 8 C.F.R. § 1003.2(c)(3)(ii), the IJ concluded that there had been no showing of changed circumstances because counsel represented that the abuse of indigenous people had been occurring since 2006. In addition, the IJ concluded that Tamay-Ludizaca had not established prima facie eligibility for relief because he had not filed an application for withholding of removal or any evidence in support, as required by 8 C.F.R. § 1003.23(b)(3). Furthermore, his only statement regarding relief – that life in Ecuador is expensive and there is no work – was insufficient to support the claim. The BIA affirmed, concluding that even if the time limit were to be equitable tolled, Tamay-Ludizaca had not demonstrated prejudice from the IJ's denial of a continuance to obtain counsel because he did not establish prima facie eligibility for withholding of removal or any other form of relief. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). However, we review the underlying due process claim regarding the right to counsel de novo. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007).

Tamay-Ludizaca argues that his immigration proceedings should have been reopened because his due process right to counsel was violated when the IJ denied his request for a continuance to obtain counsel at his November 2010 hearing, and when the

4

IJ held a hearing in February 2011 after his misunderstanding regarding his right to representation came to light. As a result, he went through the entire proceedings without counsel and was unable to assert any claims for relief. To establish a due process violation, Tamay-Ludizaca must show that (1) he was "'prevented from reasonably presenting his case' and (2) that 'substantial prejudice' resulted."[3] Fadiga, 488 F.3d at 155 (quoting Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006)).

The focus here is on the second prong. Tamay-Ludizaca argues that he was prejudiced by the denial of a continuance because he is eligible for withholding of removal, but never had the benefit of counsel in seeking this relief before the IJ. He offers this to explain his sole response in the record regarding relief, i.e, that "life [in Ecuador] is very expensive and there's no work," which he concedes is inadequate to establish that it is more likely than not that he would be persecuted on account of a protected ground if returned to Ecuador. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003). However, Tamay-Ludizaca is now represented by counsel, who has offered nothing more than the bare assertion in a motion to reopen that Tamay-Ludizaca is entitled to withholding of removal because "he is a member of the indigenous community in Ecuador [and the] current leftist president of Ecuador has been abusive to

_____

[3] The right to counsel claim in this case is distinct from that in Leslie v. Att'y Gen., 611 F.3d 171, 180-81 (3d Cir. 2010), where we held that a showing of prejudice is not required when an IJ fails to advise an alien of the availability of free legal services and provide a list of such services in accordance with 8 C.F.R. § 1240.10(a). Although Tamay-Ludizaca made a Leslie claim before the BIA, he has not raised the issue before us, so we deem it waived. See Bradley v. Att'y Gen. 603 F.3d 235, 243 n.8 (3d Cir. 2010).

5

the indigenous community since taking office in 2006." A.R. at 53-54. Tamay-Ludizaca did not mention this claim in his affidavit, nor did he apply for relief or provide supporting evidence. This is insufficient to establish prima facie eligibility for withholding removal, as the BIA concluded. To establish prima facie eligibility for relief, an alien must produce objective evidence that, when considered with the evidence of record, shows a reasonable likelihood of entitlement to relief. See Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010). Tamay-Ludizaca provided no evidence regarding withholding of removal. Furthermore, motions to reopen that seek relief from removal must include the appropriate application for relief and supporting documents. See 8 C.F.R § 1003.23(b)(3). Tamay-Ludizaca did not fulfill these requirements, providing another basis for denying his motion to reopen. See Lin v. Att'y Gen., 700 F.3d 683, 689 (3d Cir. 2012). Because Tamay-Ludizaca failed to show prima facie eligibility for withholding of removal even with the assistance of counsel, he also failed to show that he was substantially prejudiced by the lack of counsel during the immigration hearings in regard to asserting a claim for withholding of removal. In other words, he has not shown how he would have supported a withholding of removal claim, even if he had the benefit of counsel during the immigration hearings.[4]

---

[4] Tamay-Ludizaca also argues that he was prejudiced because, if he had counsel, counsel could have sought "administrative closure" of the removal proceedings. He does not explain what he means by "administrative closure." To the extent that he suggests that the Government might have been persuaded to halt the removal proceedings, the argument is not reviewable because it is based on the Government's exercise of prosecutorial discretion. See Heckler v. Chaney, 470 U.S. 821, 831 (1985).

6

Our focus on the prejudice prong of the due process analysis in this case should not suggest that we condone the IJ's conduct of the immigration proceedings. Indeed, on the record and transcript before us, the proceedings gave us pause, particularly the IJ's decision to proceed with the hearing without counsel after Tamay-Ludizaca's misunderstanding regarding his right to counsel came to light. Nevertheless, it is apparent that, even with the assistance of counsel, no case for prejudice has been established.

For these reasons, we will deny the petition for review.