# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2021

Lyle W. Cayce
Clerk

No. 20-60189
Summary Calendar

———————

Nelson Omar Rosales-Santos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A028 589 969

———————

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Nelson Omar Rosales-Santos petitions for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen and rescind his 1989 in absentia order of deportation, in which he asserted that he had not

———

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4. Judge Wiener concurs in the judgment only.

received notice of his deportation hearing and denying his motion to remand "for reconstitution of the record." We review the BIA's denial of a motion to reopen and motion to remand under a highly deferential abuse of discretion standard, *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009), and will uphold the decision so long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach," *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Rosales-Santos challenges the BIA's findings that the second page of the order to show cause (OSC) establishes that he signed and was personally served with the OSC. Based on his contention that he was not personally served with the OSC, he argues that the immigration judge (IJ) was prohibited from proceeding in absentia until he was personally served with the notice of his deportation hearing. The IJ marked the OSC as Exhibit 1 at the 1989 deportation hearing, admitted it into evidence, and found that the OSC had been properly served. Both pages of the OSC appear consecutively in the record, and signatures of immigration officials appear on both pages of the OSC, indicating that both pages were signed at the same exact date and time. Substantial evidence supports the BIA's finding that the OSC was personally served on Rosales-Santos, such that his service argument fails, as discussed below. *See Gomez-Palacios*, 560 F.3d at 358.

Furthermore, Rosales-Santos contends that the record does not contain a copy of the transcript from the 1989 in absentia deportation hearing and that the lack of a transcript somehow prejudices him because it is possible that the hearing was not held on the merits. However, Rosales-Santos failed to exhaust this same argument with the BIA, and we lack jurisdiction to consider it where he raises it for the first time in his petition. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). To the extent that he couches

No. 20-60189

his argument in terms of a constitutional due process violation, because any such violation would implicate a procedural error correctable by the BIA, his argument is still subject to exhaustion. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). The petition is therefore DISMISSED in part.

With respect to the issues he did raise about the lack of transcript, the BIA concluded that the "administrative record before us is complete." That decision is not "utterly without foundation in the evidence." *Singh*, 436 F.3d at 487. A transcript is not always required. *See In re Ambrosio*, 14 I. & N. Dec. 381, 383 (B.I.A. 1973).

Noting that the BIA found that he was not diligent in filing his motion to reopen nearly 30 years after entry of the 1989 in absentia deportation order, Rosales-Santos also claims that the BIA erred in considering whether he was diligent. However, because he failed to exhaust this argument, this court lacks jurisdiction to consider it, and this portion is also DISMISSED in part. *See Omari v. Holder*, 562 F.3d 314, 319-20 (5th Cir. 2009); *Wang*, 260 F.3d at 452.

Rosales-Santos additionally appears to contend that the immigration court's service of the 1989 notice of hearing was faulty. However, given our conclusion that substantial evidence supports the BIA's determination that the OSC was personally served, service by regular mail of the notice of hearing was all that was required. *See In re Munoz-Santos*, 20 I. & N. Dec. 205, 207 (B.I.A. 1990). To the extent that Rosales-Santos is seeking to raise other issues not raised before the BIA, we would lack jurisdiction to consider them. *See Wang*, 260 F.3d at 452-53.

Finally, Rosales-Santos argues that, to the extent that he was not provided with oral notice of the consequences of his failure to appear for his deportation hearing, he is entitled to apply for adjustment of status without having to demonstrate that his motion to reopen satisfies one of the

No. 20-60189

exceptions to the filing deadline.  However, Rosales-Santos cites no authority for the proposition that, to the extent that his motion sought reopening to adjust his status, it was no longer subject to the normal regulatory time limits set forth in 8 C.F.R. §§ 1003.2(a) and 1003.23(b)(1).  *See In re Cruz-Garcia*, 22 I. & N. Dec. 1155, 1160 (BIA 1999).  It is undisputed that Rosales-Santos's motion to reopen, filed over 21 years after September 30, 1996, was untimely.

In sum, Rosales-Santos has failed to show any error in the BIA's conclusion that he failed to overcome the presumption of delivery of his notice of hearing by regular mail and establish that he did not receive notice of his deportation hearing or that the BIA otherwise abused its discretion in denying his motion.  Furthermore, he has failed to show any abuse of discretion in the BIA's denial of his motion to remand.  The petition is therefore DENIED in part.

DISMISSED IN PART AND DENIED IN PART.